# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LONNELL ROBERSON,<br><br>Plaintiff,<br><br>v.<br><br>CSP-CORCORAN MAILROOM STAFF, et al.,<br><br>Defendants. | Case No. 1:17-cv-01331-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 10)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Clarence Lonnell Roberson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's first amended complaint, filed March 12, 2018. (ECF No. 10.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

1   A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## DISCUSSION

Plaintiff alleges that around October 27, 2016, he sent mail to his daughter. Office assistant Zavala told Plaintiff to prove it and that no such mail had been sent out. Plaintiff told her that he had evidence that the items were mailed out and Zavala said he did not. After Plaintiff filed an inmate appeal his package appeared after being missing for two months. Plaintiff brings this action against unknown mailroom staff and office assistant Zavala alleging violation of his rights under the First Amendment.

As Plaintiff was previously advised, to state a claim under section 1983, he must show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). To state a claim, Plaintiff must demonstrate that each defendant

personally participated in the deprivation of his rights. Jones, 297 F.3d at 934. This requires that the complaint allege that every defendant acted with the requisite state of mind to violate the underlying constitutional provision. OSU Student Alliance v. Ray, 699 F.3d 1053, 1070 (9th Cir. 2012).

Generally speaking, inmates have a right under the First Amendment to send and receive mail. Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1209 (9th Cir. 2017); Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). However, isolated instances of interference with mail without any evidence of improper motive have been found insufficient to state a constitutional claim. See Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989) (negligent mishandling of inmate mail insufficient to state a constitutional claim); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990) (isolated incidents of mail interference without any evidence of improper motive or resulting interference with the right to counsel or access to the courts do not give rise to a constitutional violation); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997) ("we have never held or suggested that an isolated, inadvertent instance of opening incoming confidential legal mail will support a § 1983 damage action"); Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (an isolated incident of mail tampering is usually insufficient to establish a constitutional violation).

Here, liberally construed, Plaintiff's complaint alleges that he placed a package in the mail and after two months it was found without having been mailed out. Plaintiff has only alleged an isolated interference with mail. Additionally, Plaintiff has included no allegations to suggest any wrongful conduct by any prison official that resulted in the interference with the mail. The mere fact that Plaintiff's package was not mailed does not provide a basis for the Court to reasonably infer that prison officials interfered with his mail, rather than it was just misplaced. The Court finds that Plaintiff's allegations are insufficient to state a cognizable claim.

Further, Plaintiff's allegation that Zavala told him that no package was mailed is insufficient to demonstrate interference with his mail. Although Plaintiff alleges that after he filed an appeal his package was found, the factual allegations in the complaint must demonstrate

3

1 | that each defendant personally participated in the deprivation of a plaintiff's rights. Jones, 297 F.3d at 934. The complaint is devoid of any factual allegations of any conduct by Zavala or any other mailroom employee by which the Court could infer that Plaintiff's federal rights were violated. Iqbal, 556 U.S. at 678-79.

## IV.

## CONCLUSION AND RECOMMENDATIONS

Plaintiff has failed to state a cognizable claim for a violation of his federal rights. Plaintiff's complaint was previously screened and Plaintiff was advised in an order on January 10, 2018 of the legal standards that applied to his claims and was provided with an opportunity to cure the deficiencies in his complaint. (ECF No. 7.) Although Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for interference with mail in violation of the First Amendment, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a cognizable claim.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the

waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 29, 2018**

UNITED STATES MAGISTRATE JUDGE